2007 OK 23

**Dustin Heath JARVIS, Petitioner,**

v.

**The Honorable James R. WOLFE, Associate District Judge of the District Court of Choctaw County, Oklahoma, Respondent.**

No. 104,376.

Supreme Court of Oklahoma.

April 16, 2007.

*ORDER*

¶ 1 Original jurisdiction is assumed. Art. 7 § 4, Okla. Const. After a hearing before the referee, the court finds that:

(1) The real parties in interest had initially demanded a jury trial. The pre-trial conference order indicates that jury trial was *not* waived;

(2) an order "governing pre-trial conference" required payment of the jury trial fee on or before the date of the pre-trial conference, otherwise "the case will be stricken from the jury trial docket and set for a non-jury trial;"

(3) as the fee was not paid on time by any party, the case was scheduled for a bench trial;

(4) petitioner, who had not earlier demanded a jury trial, immediately moved for "reconsideration," demanded a jury trial, and tendered the required fee;

(5) the trial court directed the clerk to return the check to petitioner's counsel, finding that the right to a jury trial had been waived based on the failure to pay the fee on or before the governing order's deadline;

(6) the real parties in interest opposed the petitioner's demand for jury trial and the motion to reconsider, acceding to the court's finding of waiver.

¶ 2 The Court concludes and holds that:

(1) As the parties who initially demanded a jury trial and indicated nothing to the contrary throughout the litigation until after the pretrial conference, and then only by inaction, the real parties in interest were legally presumed to stand as the obligors for payment of the jury fee, *Colley v. Harbour*, 2004 OK 90, ¶ 1, 104 P.3d 584;

(2) failure by the real parties in interest to pay the fee in accordance with the order setting a deadline for its payment, coupled with petitioner's failure timely to pay it, *do not amount to a waiver of the petitioner's constitutional right to a jury trial;*

(3) the trial court was clearly in error when it (a) imputed constructive notice to the petitioner of the fee's nonpayment by the parties who had earlier demanded a jury trial and (b) found that the petitioner who had not paid the fee, thereby waived his right to a trial by jury.

¶ 3 *The law disfavors implied waivers of the right to trial by jury based on local custom, procedure, practice and rule.*

¶ 4 Respondent, or any other judge assigned to this cause, is hereby commanded to grant the petitioner's request for a jury trial in Cause No. CJ–2005–249 on the docket of the District Court, McCurtain County.

¶ 5 **DONE BY THE ORDER OF THE SUPREME COURT SITTING IN CONFERENCE THIS 16TH DAY OF APRIL, 2007.**

¶ 6 All justices concur.